UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS, an Individual,

    Plaintiff,

-vs-                                    CASE NO.: _____
                                          HON: _____

CHRISTOPHER J. TRAINOR, P.C., d/b/a
CHRISTOPHER TRAINOR & ASSOCIATES,
a professional corporation, CHRISTOPHER TRAINOR,
an Individual, and SHAWN CABOT,
an Individual, jointly and severally,

    Defendants.

| YATOOMA LAW, P.C. | CHRISTOPHER TRAINOR & ASSOCIATES |
|---|---|
| NORMAN YATOOMA (P54746) | AMY J. DEROUIN (P70514) |
| BRIAN HILDERLEY (P60136) | JONATHAN A. ABENT (P78149) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 100 Renaissance Center, Ste. 2-2101 | 9750 Highland Rd. |
| Detroit, MI 48243 | White Lake, MI 48386 |
| (248) 481-2000 | shanna.suver@cjtrainor.com |
| nyatooma@normanyatooma.com | amy.derouin@cjtrainor.com |
| bhilderley@normanyatooma.com | jon.abent@cjtrainor.com |

**DEFENDANTS' NOTICE OF REMOVAL**

    **NOW COME** Defendants CHRISTOPHER J. TRAINOR, P.C., d/b/a CHRISTOPHER TRAINOR & ASSOCIATES, a professional corporation, CHRISTOPHER TRAINOR, an individual, and SHAWN CABOT, an individual, jointly and severally ("Defendants"), by and through their attorneys,

1

CHRISTOPHER TRAINOR & ASSOCIATES, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby remove Case No. 2023-198894-NM from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division; and as grounds for their removal respectfully state the following:

1. On May 5, 2023, Defendants were served with Plaintiff Nikos Kidis' ("Plaintiff") *Complaint*, filed in the Circuit Court for the County of Oakland, State of Michigan, styled *Kidis v. Christopher Trainor, P.C. d/b/a Christopher Trainor & Associates, Christopher Trainor, and Shawn Cabot*, Case No. 2023-198894-NM ("State Court Action") **(Exhibit A.)**

2. The State Court Action arises solely from the completed litigation in the federal case of *Kidis v. Reid, et al.*, Eastern District of Michigan Case No. 2:16-cv-13070, which was assigned to and tried before Judge Sean F. Cox ("Federal Court Action"), wherein Defendants successfully represented Plaintiff in a civil-rights case which resulted in a favorable trial verdict for Plaintiff, defending against attempts to overturn the verdict on appeal, and, ultimately, a significant monetary settlement in Plaintiff's favor.

2

3. The State Court Action erroneously alleges that Defendants improperly distributed the litigation proceeds from the Federal Court Action. On this erroneous factual basis, Plaintiff alleges numerous meritless and frivolous claims against Defendants that are styled as follows: (a) legal malpractice and professional negligence; (b) declaratory relief; (c) conversion; (d) unjust enrichment; and (e) breach of contract. **(Ex. A.)**

4. Plaintiff's *Complaint* in the State Court Action falsely provides that, "[t]here is no other pending **or resolved civil action** arising out of the transaction or occurrence alleged in the Complaint." **(Ex. A (emphasis added).)** On the contrary, the State Court Action arises solely and completely from the same transaction or occurrence as does the resolved Federal Court Action.

5. Defendants file this Notice pursuant to 28 U.S.C. § 1446.

6. Attached to this Notice are all process, pleadings and orders served upon Defendants in the instant action. **(Ex. A.)**

7. All Defendants join in this Notice of Removal to this Court.

8. By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

9. Pursuant to 28 U.S.C. § 1446(d), on even date herewith, a copy of this Notice of Removal is being filed with the 6th Circuit Court for the County of Oakland, State of Michigan, as well as served upon the attorney of record for Plaintiff. **(Notice of Filing attached as Exhibit C.)**

10. Defendants respectfully request that the instant case be assigned to Judge Sean F. Cox, as he presided over the entirety of the underlying Federal Court Action including, but not limited to, the jury trial and entry of judgment.

**FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

11. This Court possesses original jurisdiction over this action under the provisions of 28 U.S.C. § 1331 (federal question). A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987).

12. Plaintiff's *Complaint* plainly alleges a case that arises under federal law.

13. Specifically, Plaintiff's *Complaint* arises from the Federal Court Action, wherein Plaintiff alleged a claim of violation of the *Fourth* Amendment, 42 U.S.C. § 1983, excessive force, which arises under federal law. **(Federal Court Action, DE 1.)**

14. Moreover, Plaintiff's *Complaint* concerns an award of attorney fees after the conclusion of a federal court civil rights trial, and such an award arises under 42 U.S.C. § 1988, another federal law. **(Federal Court Action, DE 142.)**

4

15. Accordingly, this Court possesses jurisdiction over Plaintiff's instant action pursuant to 28 U.S.C. § 1331.

**SUPPLEMENTAL/ANCILLARY JURISDICTION UNDER 28 U.S.C. § 1367**

16. 28 U.S.C. § 1367(a) provides in relevant part, that, "in any civil actions of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"

17. As noted above, this Court possessed original jurisdiction over Plaintiff's underlying Federal Court Action, that Federal Court Action having arisen solely under federal law, specifically 42 U.S.C. § 1983 and the *Fourth* Amendment. **(Federal Court Action, DE 1.)**

18. The claims in Plaintiff's instant State Court Action are plainly "so related to the claims in the action within such original jurisdiction [i.e., the federal court action] that they form part of the same case or controversy[.]" 28 U.S.C. § 1367.

19. Specifically, Plaintiff's instant State Court Action concerns solely the actions of Plaintiff and Defendants with regard to the underlying Federal Court Action including, but not limited to, Defendants' successful representation of Plaintiff in that Federal Court Action, the orders and

5

judgment entered by Judge Cox in the Federal Court Action, and the opinion entered by the Sixth Circuit Court of Appeals in the Federal Court Action.

20. Notably, the Western District of Michigan has held that, "[i]t is well settled that a federal court may have ancillary jurisdiction over attorney fee disputes." *Shannon v. Skemp*, 1991 U.S. Dist. LEXIS 8180, * 4 (W.D. Mich. June 14, 1991) **(Exhibit B)**. "Under the doctrine of ancillary jurisdiction, a federal court may exercise jurisdiction over a claim for which no subject matter jurisdiction independently obtains if the claim is sufficiently related to an initial claim properly before the court." *Id.* (*quoting Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2nd Cir. 1991)).

21. The Sixth Circuit has reached the same conclusion. In *Kalyawongsa v. Moffett*, 105 F.3d 283 (6th Cir. 1997), the Court held that, "although attorneys' fee agreements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action."

22. Accordingly, this Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the instant action.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request removal of the above-entitled action from the 6th Circuit Court for the County of Oakland, State of Michigan, to this Court and request that the action be placed on the docket of this Court, before Judge Sean F. Cox, for further proceedings as through this action had originally been instituted in this Court.

                                    Respectfully Submitted,
                                    CHRISTOPHER TRAINOR & ASSOCIATES

                                    **s/ Jonathan A. Abent**
                                    AMY J. DEROUIN (P70514)
                                    JONATHAN A. ABENT (P78149)
                                    Attorneys for Defendants
                                    9750 Highland Road
Dated: May 22, 2023           White Lake, MI 48386
*JAA*                                        (248) 886-8650

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **attorneys of record**; I hereby certify that I have electronically served the foregoing papers with the **Oakland County Circuit Court** via MiFile; and I hereby certify that I have served the foregoing papers via First Class Mail to Plaintiff's counsel at: **100 Renaissance Center, Ste. 2-2101, Detroit, MI 48243.**

**s/ Jonathan A. Abent (P78149)**
Attorney for Defendants
9750 Highland Road
White Lake, MI 48386
Phone: (248) 886-8650
jon.abent@cjtrainor.com