UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

    Plaintiff,

v.                                    Case No. 23-11197

CHRISTOPHER J. TRAINOR, P.C., *et al.*     Sean F. Cox
                                                       United States District Court Judge

    Defendants.
_____/

## ORDER DENYING
## DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiff Nikos Kidis ("Kidis") filed a § 1983 action that was assigned to this Court. After a jury trial and an appeal, that case was ultimately settled and dismissed. Thereafter, Kidis hired new counsel who filed suit against attorneys Shawn Cabot and Christopher Trainor, and their law firm, in state court. Kidis alleges that, given the terms of the written retainer agreement he signed, the attorneys and firm retained more of the settlement proceeds than they were entitled to given the "Release and Settlement Agreement" that Kidis executed with the § 1983 defendants and the City of Warren. Defendants removed Kidis's state-court case to federal court, asserting that this Court may exercise ancillary jurisdiction over the attorney-fee dispute.

The matter recently came before this Court on Defendants' Renewed Motion to Dismiss "Or, In The Alternative, For Summary Judgment." In an Opinion and Order issued on September 21, 2023, this Court explained that "diversity jurisdiction does not exist here and Plaintiff's complaint asserts only state-law claims. Nevertheless, this Court has ancillary jurisdiction to hear the attorney-fee dispute claims (Plaintiff's breach of contract, unjust

1

enrichment and declaratory relief counts). But this Court does not have ancillary jurisdiction over Plaintiff's remaining claims (legal malpractice, conversion, and fraudulent misrepresentation" and this Court remanded those claims to state court. (ECF No. 18 at 1-2). This Court dismissed Plaintiff's unjust enrichment claim "because there can be no implied contract claim where, as here, both parties acknowledge that there is a written contract that covers the subject matter at issue. That [left] the Court to evaluate Defendant's challenges to Plaintiff's breach of contract claim. Defendants' motion asserts that Plaintiff has failed to sufficiently plead a breach of the parties' retainer agreement or injuries resulting from same." (*Id*. at 2). This Court rejected Defendants' challenge to the sufficiency of Plaintiff's pleadings regarding the breach of contract claim and left that claim to proceed.

Dissatisfied with this Court's rulings, Defendants filed a Sealed Motion for Reconsideration. (ECF No. 24).

Local Rule 7.1(h) of the Local Rules for the Eastern District of Michigan governs motions for rehearing or reconsideration and provides, in pertinent part, that:

> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

E.D. Mich. LR 7.1(h)(2).

As explained in *Fisher*, a "motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled. *Fisher v. United States*, 589 F.Supp.3d 726, 728 (E.D. Mich. 2022, Luddington, J.) (Collecting cases).

2

"Nor is a motion for reconsideration a second opportunity for a party to present 'new explanations, legal theories, or proofs.'" *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In other words, such motions cannot be used as a vehicle to introduce new evidence or arguments that could have been presented to the Court during pendency of the summary judgment motion. *Macdermid Inc. v. Electrochemicals, Inc.,* 1998 WL 165137 at *6 n.7 (6th Cir. 1998) (citing *Rothwell Cotton Co. v. Rosenthal & Col.*, 827 F.2d 246, 251 (7th Cir. 1987)). Nevertheless, Defendants' motion does that. (*See, eg.*, 10/4/23 Affidavit submitted as exhibit to Motion for Reconsideration).

Having reviewed Defendants' Motion for Reconsideration, the Court concludes that Defendants have failed to make the required showing as to the arguments presented in their motion.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

                                             s/Sean F. Cox
                                             Sean F. Cox
                                             United States District Judge

Dated: November 7, 2023