UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

        Plaintiff,

v.

CHRISTOPHER J. TRAINOR, P.C.,
et al.,

        Defendants.

Case No. 2:23-cv-11197

HONORABLE STEPHEN J. MURPHY, III

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

The Court rejected Defendants' motion to dismiss and determined that it had subject matter jurisdiction over the case. ECF 18. Upon further review, however, the Court lacks jurisdiction and must remand the case to state court.

### BACKGROUND

In a previous case, Plaintiff Nikos Kidis sued under § 1983 in the Eastern District of Michigan and received a favorable trial verdict while represented by Defendants. *Kidis v. Reid*, 976 F.3d 708, 713 (6th Cir. 2020). After appeal, the parties settled the case. *Kidis v. Reid et al.*, No. 2:16-cv-13070, ECF 181 (E.D. Mich. 2021). The district judge, on stipulation of the parties, vacated the jury verdict and judgments, and dismissed the case with prejudice. *Id.* The district judge did not mention that he intended to retain any continuing jurisdiction over the case. *Id.*

Dissatisfied with how Defendants distributed funds from the settlement, Kidis sued them in state court and alleged, *inter alia*, breach of his initial retainer contract

1

with Defendants and unjust enrichment. *See* ECF 1-2, PgID 22–24. Defendants removed the suit to federal court and asserted that the fees-granting provision of § 1988 and the case's relation to the earlier federal case provided jurisdiction. ECF 1, PgID 4.

The district judge correctly noted that "[t]he parties in this case are not diverse and no federal claims are asserted in the complaint that was removed." ECF 18, PgID 714. Nonetheless, the judge concluded that "ancillary jurisdiction" provided subject matter jurisdiction. *Id.* The case was reassigned to the undersigned, litigation continued, and the Defendants filed a motion for summary judgment. ECF 42.

## DISCUSSION

The Court has a continuing burden to assure itself of its subject-matter jurisdiction. *Henderson ex rel. Henderson, v. Shinseki*, 562 U.S. 428, 434 (2011). If the Court concludes at any time before final judgment that it lacks jurisdiction over a case removed from state court, it must remand the case. 28 U.S.C. § 1447(c). The Court based its prior determination that it had jurisdiction on the belief that ancillary jurisdiction applies to fee disputes relating to federal cases. ECF 18, PgID 714. Although that rule is sometimes applicable, it is not applicable here.

Ancillary, pendent, and supplemental jurisdiction are all names for the concept that Congress codified in 28 U.S.C. § 1367. *See* 13 Charles Alan Wright, Arthur R. Miller & Richard D. Freer, *Federal Practice and Procedure* § 3523.2 (3d ed. 2024); *Jurisdiction*, *Black's Law Dictionary*, 12th ed. 2024; *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013) (discussing this concept as

2

"supplemental" jurisdiction). Essentially, if a *case* falls within the Court's original jurisdiction, supplemental jurisdiction can cover additional *claims* that would lack a jurisdictional basis if brought on their own. But if a case lacks an initial, independent basis for jurisdiction, supplemental jurisdiction is inapposite. *See* 28 U.S.C. § 1367; Wright et al., *supra* § 3523.2; *cf. Aldrich v. Univ. of Phoenix, Inc.*, 661 F. App'x 384, 389 (6th Cir. 2016) ("When the court appropriately exercises original jurisdiction over an action, claims that are related to the claims making up that action can be added to the suit under § 1367.").

Here, the case lacks an independent basis for jurisdiction because it is a state contract dispute. To be sure, the contract concerned a previously settled federal case. But seeking jurisdiction for a latter case in an earlier-settled case raises a "*Kokkonen* issue." *See Exact Software*, 718 F.3d at 540. In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Supreme Court explained that a wholly dismissed federal lawsuit generally cannot provide jurisdiction to a later-filed lawsuit. *Id.* at 381–82. That rule is on all fours here because the Court's dismissal order was an "unconditional, with prejudice, final resolution of a case that precludes later involvement of the federal court." *Exact Software*, 718 F.3d at 539.

Neither of *Kokonnen*'s exceptions apply, so the case suffers from "a *Kokkonen* jurisdictional defect." *Exact Software*, 718 F.3d at 540. Had the district court's dismissal order "contained a 'separate provision' that retained the district court's jurisdiction over the settlement or had the district court 'incorporat[ed] the terms of the settlement agreement' in an order, 'ancillary jurisdiction to enforce the agreement

3

would . . . exist.'" *Id.* at 540 (quoting *Kokkonen*, 511 U.S. at 380). But the order dismissing the prior case contains no indication that the judge intended to retain jurisdiction over the settlement, and the judge did not incorporate the settlement into an order. *Kidis v. Reid et al.*, No. 2:16-cv-13070, ECF 181, PgID 6457 (E.D. Mich. 2021). As a result, "enforcement [of the settlement and retainer contract] is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 381–82. The Court is aware of no such basis.

The caselaw cited in the prior order finding jurisdiction does not undermine the Court's determination. In *Kalyawongsa v. Moffett*, 105 F.3d 283 (6th Cir. 1997), there was no *Kokkonen* issue because the district court had not dismissed the original-jurisdiction case when the fee dispute arose. *Id.* at 288. In *Exact Software*, the Sixth Circuit addressed whether supplemental jurisdiction applied only after ruling out a *Kokkonen* defect. 718 F.3d at 539–40. There, the district court sufficiently manifested an intent to retain jurisdiction, so the prior order provided jurisdiction. *Id.* at 540.

Absent any basis for the Court to assert jurisdiction, this case is a state contract dispute and must be handled by a state court. Accordingly, the Court will remand the case to state court.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the 6th Judicial Circuit Court for the County of Oakland, Michigan.

4

5

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [42] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 11, 2024